IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Lee Valentine, #198972, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:07-1397-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Detective Ervin Brewster; | ) | |
| Chief Willie Johnson; and | ) | |
| City of Greenville, South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  The Plaintiff, Randy Lee Valentine ("Valentine"), is presently incarcerated in Kershaw Correctional Institution for reasons unrelated to this civil action.  The Defendants moved for summary judgment on October 18, 2007. Magistrate Judge Rogers filed his Report and Recommendation on June 16, 2008, and has recommended that summary judgment be granted.  Valentine filed objections to the Report and Recommendation, and the Defendants have filed a response thereto.  Upon due consideration, and consistent with the following discussion, the Defendants' motion for summary judgment is granted.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

## I. Factual and Procedural Background

In April 2003, Valentine was under investigation by Detectives Ervin Brewster ("Detective Brewster") and Tina Dodd ("Detective Dodd") of the Greenville City Police Department ("the GCPD"), Vice and Narcotics Bureau, for suspicion of narcotics trafficking and distribution. Detective Dodd personally arranged for a confidential informant (known only as "J.H.") to carry out a controlled purchase of heroin from Valentine on April 24, 2003. The purchase was executed, and subsequent laboratory testing confirmed that the substance was heroin and that Valentine's fingerprints were present on the heroin. A second controlled purchase was executed on May 6, 2003. Again, subsequent laboratory testing proved that J.H. purchased heroin from Valentine, and that the heroin could be placed affirmatively in Valentine's possession through fingerprint analysis. Following these controlled purchases, a Greenville County Magistrate Judge issued warrants on or about May 7, 2003, for Valentine's arrest. His arrest was carried out on May 28, 2003, by Detectives Brewster and Dodd. Valentine was later indicted by the grand jury for the drug sales on April 24 and May 6, 2003.

Ultimately, the charges against Valentine were dropped. The assistant solicitor responsible for prosecuting Valentine's case, Joyce Monts ("Solicitor Monts"), has affirmed that the charges were nol prossed, though not for lack of evidence. Valentine had already been convicted on other, unrelated charges and had been sentenced to serve twenty-two years in prison. In the exercise of her prosecutorial discretion, Solicitor Monts chose not to prosecute Valentine for his conduct on April 24 and May 6, 2003.

This civil action followed.[2]  On May 17, 2007, Valentine filed a complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.  On October 18, 2007, the Defendants filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Magistrate Judge Rogers has considered the briefs of the parties and has recommended that summary judgment be granted.  There are several bases for his opinion.  Primarily, Magistrate Judge Rogers concluded that Valentine has failed as a matter of law to establish the violation of any constitutional right.  In addition, the Report and Recommendation found that the Defendants were shielded by qualified and absolute immunity, and that at least in part, the types of damages that Valentine requested were unavailable in § 1983 actions.

Valentine filed objections to the Magistrate's Report and Recommendation, and the Defendants have filed a response thereto.  The matter is ripe for decision.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] Valentine also sued Detective Dodd for her involvement in this investigation.  See Valentine v. Dodd, C.A. No. 4:06-1617-HMH (D.S.C.).  By order filed July 16, 2007, the court granted Detective Dodd's motion for summary judgment.  Valentine appealed the adverse disposition, which was affirmed by the Court of Appeals on March 5, 2008.

Upon review, the court finds that Valentine's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Report and Recommendation to the extent the Magistrate Judge concluded that the warrants issued on May 7, 2003, for Valentine's arrest were supported by probable cause. Because the warrants were properly issued, the circumstances of Valentine's arrest and subsequent prosecution cannot as a matter of law sustain the claims presented in this civil action.

It is therefore

**ORDERED** that the Defendants' motion for summary judgment, docket number 33, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 30, 2008

# NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.